UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

RALEEM-X, a/k/a CURTIS FULLER, #211080,

        Plaintiff,                                           Case No. 16-cv-10305

v.                                                       Honorable Thomas L. Ludington

LARRY BROWN, et al.,

        Defendant.
_____/

**ORDER DISMISSING COMPLAINT WITHOUT PREJUDICE PURSUANT TO
28 U.S.C. § 1915(G)**

On January 28, 2016, Plaintiff Raleem-X (a/k/a Curtis Fuller)[1] filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983. Plaintiff is a state prisoner who is currently incarcerated at the Marquette Branch Prison in Marquette, Michigan. Upon review of Plaintiff's case and his litigation history in federal court, his civil rights complaint must be dismissed without prejudice pursuant to 28 U.S.C. § 1915(g).

**I.**

Title 28 U.S.C. § 1914(a) provides that "[t]he clerk of each district court shall require the parties instituting any civil action, suit or proceeding in such court, whether by original process, removal or otherwise, to pay a filing fee of $350 . . . ." *See also Owens v. Keeling,* 461 F. 3d 763, 773 (6th Cir. 2006). The plaintiff did not provide the $350.00 filing fee when he filed his complaint.

---

[1] The Court obtained Plaintiff's alias from Plaintiff's prior civil cases as well as from the Michigan Department of Corrections' Offender Tracking Information System (OTIS), which this Court can take judicial notice of. *See Ward v. Wolfenbarger*, 323 F. Supp. 2d 818, 821, n.3 (E.D. Mich. 2004). A prisoner cannot use an alias to circumvent the provisions of § 1915(g). *See, e.g.*, *Fuller v. PCS Daily Dial Phone Co.*, Case No. 2:15-CV-13620, 2015 WL 6438915, *2 (E.D. Mich. Oct. 23, 2015); *Robinson v. Stoddard*, Case No. 1:13–CV–754; 2013 WL 3974715, * 1, n.1 (W.D. Mich. Aug. 2, 2013).

The Prisoner Litigation Reform Act of 1995 ("PLRA") states that "if a prisoner brings a civil action or files an appeal *in forma pauperis*, the prisoner shall be required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1) (as amended). *See also In Re Prison Litigation Reform Act,* 105 F. 3d 1131, 1138 (6th Cir. 1997). The *in forma pauperis* statute, 28 U.S.C. § 1915(a), does provide prisoners the opportunity to make a "down payment" of a partial filing fee and pay the remainder in installments. *See Miller v. Campbell,* 108 F. Supp. 2d 960, 962 (W.D. Tenn. 2000). Because Plaintiff did not submit the necessary $350.00 filing fee for a civil action, his complaint will be construed as a request to proceed *in forma pauperis*. *See State Treasurer v. Garrison*, No. U.S.D.C. No. 2:08-CV-13018, 2008 WL 2831241, *1 (E.D. Mich. July 21, 2008).

A search of federal court records indicates that Plaintiff has four prior civil rights complaints that have been dismissed by federal courts for being frivolous, malicious, or for failing to state a claim upon which relief could be granted. *See Fuller v. Gerth et al.*, Case No. 2:12–cv–368 (W.D. Mich. Nov. 20, 2012); *Fuller v. Huss et al.*, CAse No. 1:12–cv–926 (W.D. Mich. Sept. 28, 2012); *Fuller v. Bouchard*, Case No. 2:04–cv–35 (W.D. Mich. April 2, 2004); *aff'd* Case No. 04–2217 (6th Cir. Sept. 30, 2005); *Fuller v. Calvin et al.*, Case No. 2:00–cv–225 (W.D. Mich. May 29, 2001); *aff'd* 28 F. App'x 390 (6th Cir. 2002).

In addition, based on these prior dismissals, Plaintiff has been denied leave to proceed *in forma pauperis* at least three times under the "three-strikes" rule of 28 U.S.C. § 1915(g). *Fuller v. PCS Daily Dial Phone Co.*, Case No. 2:15-CV-13620, 2015 WL 6438915 (E.D. Mich. Oct. 23, 2015); *Fuller v. Sherve*, Case No. 1:12-CV-861, 2014 WL 1347430 (W.D. Mich. Apr. 4, 2014); *Fuller v. Caruso*, Case No. 2:12-CV-480, 2013 WL 1830856 (W.D. Mich. Apr. 30, 2013).

## II.

Under the PLRA, a federal court may dismiss a case if, on 3 or more previous occasions, a federal court dismissed the incarcerated plaintiff's action because it was frivolous or malicious or failed to state a claim for which relief may be granted. *See* 28 U.S.C. § 1915(g); *Thaddeus-X v. Blatter*, 175 F. 3d 378, 400 (6th Cir. 1999); *Witzke v. Hiller*, 966 F. Supp. 538, 540 (E.D. Mich. 1997). The three strikes provision of the PLRA prohibits a prisoner who has had three prior suits dismissed for being frivolous from proceeding *in forma pauperis* in a civil rights suit absent an allegation that the prisoner is in imminent danger of serious physical injury. *See Clemons v. Young*, 240 F. Supp. 2d 639, 641 (E.D. Mich. 2003). A federal district court may *sua sponte* raise the three strikes provision of the PLRA. *Witzke,* 966 F. Supp. at 539. Moreover, federal courts may take judicial notice of a plaintiff's prior dismissals for purposes of § 1915(g). *Green v. Nottingham*, 90 F. 3d 415, 418 (10th Cir. 1996); *Anderson v. Sundquist*, 1 F. Supp. 2d 828, 830 (W.D. Tenn. 1998).

Plaintiff has at least three prior civil rights complaints which were dismissed for being frivolous, malicious, or failing to state a claim upon which relief could be granted. In addition, Plaintiff has subsequently been informed by numerous federal judges that he was precluded from proceeding *in forma pauperis* in these other civil rights actions pursuant to § 1915(g) because of these prior dismissals.

Moreover, Plaintiff has not alleged any facts which would establish that he is in imminent danger of serious physical injury, and thus, he does not come within the exception to the mandate of 28 U.S.C. § 1915(g), which prohibits him from proceeding *in forma pauperis* in light of his four prior dismissals. *Mulazim v. Michigan Dept. of Corrections*, 28 Fed. Appx. 470, 472 (6th Cir. 2002). Although Plaintiff alleges that his life was threatened by prison staff while he was

incarcerated at the Alger Maximum Correctional Facility in 2000, this would be insufficient to invoke the imminent danger exception. In order to come within the "imminent danger" exception contained in 28 U.S.C. § 1915(g), a prisoner must show that "the threat or prison condition 'must be real and proximate' and the danger of serious physical injury must exist at the time the complaint is filed." *Rittner v. Kinder*, 290 F. App'x 796, 797 (6th Cir. 2008). Assertions of past danger do not satisfy the imminent danger exception. *See Pointer v. Wilkinson*, 502 F.3d 369, 371, n.1 (6th Cir. 2007); *Rittner*, 290 F. App'x at 797. The imminent danger exception to the "three strikes" provision of § 1915(g) requires that the imminent danger be contemporaneous with the complaint's filing. *See Vandiver v. Vasbinder*, 416 F. App'x 560, 562 (6th Cir. 2011). Plaintiff's allegations do not show that there is any imminent danger that is contemporaneous with the filing of this complaint. Plaintiff's claim that he was deprived of the right to practice his religion likewise does not establish that he is in imminent danger of serious physical injury, so as to permit him to proceed *in forma pauperis* in spite of his prior dismissals. *Mulazim*, 28 F. App'x 471-72.

Plaintiff's civil rights complaint is therefore subject to dismissal pursuant to § 1915(g). Plaintiff may, however, refile any of the claims dismissed under § 1915(g) if he decides to pay the filing fee under the fee provisions of 28 U.S.C. § 1914. *Witzke*, 966 F. Supp. at 540.

Since Plaintiff has had more than three prior cases dismissed against him for being frivolous, malicious, or failing to state a claim, 1915(g) bars him from appealing *in forma pauperis*. *See Drummer v. Luttrell*, 75 F. Supp. 2d 796, 805-806 (W.D. Tenn. 1999). Thus, any appeal from this dismissal would not be taken in good faith. A certificate of appealability and leave to proceed in forma pauperis on appeal will be denied.

**III.**

Accordingly, it is **ORDERED** that Plaintiff Raleem-X's *in forma pauperis* status is **DENIED** and the complaint, ECF No. 1, is **DISMISSED without prejudice** pursuant to 28 U.S.C. § 1915(g).

It is further **ORDERED** that a certificate of appealability is **DENIED**.

It is further **ORDERED** that leave to proceed *in forma pauperis* on appeal is **DENIED**.

Dated: February 8, 2016                           s/Thomas L. Ludington
                                                  THOMAS L. LUDINGTON
                                                  United States District Judge

---

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on February 8, 2016.

                                        s/Michael A. Sian
                                        MICHAEL A. SIAN, Case Manager

---