UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

RALEEM X, a/k/a CURTIS FULLER, #211080,

        Plaintiff,                                        Case No. 16-cv-10305

v.                                                             Honorable Thomas L. Ludington

LARRY BROWN, et al.,

        Defendant.

_____/

**ORDER DENYING MOTION FOR RECONSIDERATION**

On February 25, 2016, Plaintiff Raleem X, also known as Curtis Fuller, filed a motion seeking reconsideration of this Court's order summarily dismissing his complaint.[1] The Court entered an order dismissing Plaintiff's complaint on February 8, 2016 because Plaintiff is a frequent filer subject to 28 U.S.C. § 1915(g)'s three strikes rule. That rule provides that a prisoner who has filed three or more federal actions that have been dismissed as frivolous, malicious, or failing to state a claim must pay the full civil case filing fee when his case is filed or face summary dismissal. Plaintiff is subject to the three strikes rule and did not pay the filing fee in full when he filed his case.

Plaintiff, in his motion for reconsideration, attempts to argue that his prior cases should not count against the three strikes rule. But numerous courts have already determined that Plaintiff is subject to the rule. Notably, and for the first time, Magistrate Judge Brenneman from the Western District of Michigan discussed at length why Plaintiff is subject to the rule in *Fuller v. Prelesnik*, Case No. 12-861 (W.D. Mich. Feb. 5, 2014) (discussing *Fuller v. Bouchard*, Case No. 2:04–cv–35 (W.D. Mich. April 2, 2004), *Fuller v. Calvin et al.*, Case No. 2:00–cv–225

---

[1] Plaintiff filed a supplemental brief on March 29, 2016.

(W.D. Mich. May 29, 2001), and *Fuller v. Napel*, Case No. 11-cv-13319 (E.D. Mich. June 27, 2012)). Judge Brenneman carefully explains why three of Plaintiff's cases count toward the three strikes rule. It is not appropriate to revisit that discussion here on a motion for reconsideration. Even if it were, there is no reason to disagree with Judge Brenneman's analysis. Plaintiff offers no authority suggesting that Judge Brenneman's analysis was in any way incorrect.

In addition, Plaintiff has filed at least two other cases that were dismissed as frivolous, malicious, or failing to state a claim that were not addressed in Judge Brenneman's Report. In *Fuller v. Gerth et al.*, Case No. 2:12–cv–368 (W.D. Mich. Nov. 20, 2012), the court held that Plaintiff's complaint was frivolous because it was brought far outside the applicable limitations period. In *Fuller v. Huss et al.*, Case No. 1:12–cv–926 (W.D. Mich. Sept. 28, 2012) the court dismissed Plaintiff's complaint for failing to state a claim for relief since his claims were predicated on supervisory liability, subject to an adequate state court remedy, or supported by conclusory assertions of harm.

Plaintiff relies on *Jones v. Bock*, 549 U.S. 199 (2007), to argue that his dismissals for failure to exhaust do not count as a strike under 28 U.S.C. § 1915(g). Even if it were appropriate to question the prior decisions of federal courts holding that those cases do count as a strike (and it is not), Plaintiff misreads *Jones*. *Jones* only holds that a prisoner filing suit in federal court does not need to plead facts demonstrating that he has exhausted administrative or state remedies. It does not hold that dismissal for failing to exhaust is not a strike under 28 U.S.C. § 1915(g). If anything, in the one place where the Supreme Court discusses the three strikes rule the Court recognizes that it applies to cases dismissed for failing to exhaust administrative remedies. *See Jones*, 549 U.S. at 224 (explaining that the three strikes rule may act to curtail the errant filing of unexhausted claims).

Accordingly, it is **ORDERED** that Plaintiff Raleem X's Motion for Reconsideration, ECF No. 5, is **DENIED**.


Dated: April 14, 2016                                     s/Thomas L. Ludington
                                                         THOMAS L. LUDINGTON
                                                         United States District Judge

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on April 14, 2016.

s/Michael A. Sian
MICHAEL A. SIAN, Case Manager